Mr. Claudius Johnson Mr. John R. Hammond Mr. James L. Foster Ms. Mary V. Rush Ms. Zona R. Green Ms. Susie Matheny Mr. Cedric Moore c/o Stacey Witherell, Labor Employee Relations Manager Human Resources Department 500 West Markham, Suite 130W Little Rock, Arkansas 72201-1428
Ladies and Gentlemen:
I am writing in response to your requests, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007), for my opinion on whether the release of certain records would be consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101 to -109 (Supp. 2007). Each of your requests reference a memorandum issued by the City of Little Rock, which states that a reporter from the Arkansas Democrat-Gazette has "requested for the years 2005 through 2007, all wages filed on W2 forms, overtime pay, overtime hours, as well as first name, middle name, last name, date of birth, hire date, position, department, agency division, as well as any other information the city contains in payroll records, excluding social security numbers." The City has determined that "this information is a personnel record and is releaseable except for date of birth." The City states that it intends to comply with the request by providing a "series of reports to show total wages for each year and a report that shows overtime pay." In addition, the city will provide "a report of the name of each employee with the hire date, current position, and department." Your requests seek an Attorney General's opinion on the release of the information. *Page 2 
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of requested documents is consistent with the FOIA. In the present case, the custodian has determined that the requested records are personnel records and should be released except for the employees' dates of birth.
In my opinion, assuming the release of information is restricted to the reports described above, the custodian's decision is consistent with the FOIA.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Given that the subjects of the request are city employees, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As my predecessor noted in Op. Att'y Gen. No. 1999-305:
 If records fit within the definition of "public records" . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy . . ." The FOIA does not define the *Page 3 
term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147, citing Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 3rd Ed., 1998) at 134.
Accord, Ark. Op. Att'y Gen. No. 2001-122.
In my opinion the records in question are "personnel records" for purposes of the FOIA. As noted above, "personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient *Page 4 
under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweigh
that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ark. Ops. Att'y Gen. Nos. 2001-112; 2001-022; 94-198; 94-178; and 93-055; Watkins, supra at 126. The test is an objective one.See, e.g., Op. Att'y Gen. 1996-133. In addition, the motive of an FOIA requester is generally irrelevant to the analysis. Op. Att'y Gen.2006-142.
At issue, then, is whether disclosing documents that reflect all wages filed on W2 forms, overtime pay, overtime hours, employee name, position, hire date, department, agency division and "any other information the city contains in payroll records" (excluding social security number), would amount to a "clearly unwarranted invasion of personal privacy."
In my opinion, documents reflecting the bulk of the requested information are subject to inspection and copying under the FOIA.See, e.g., Ops. Att'y Gen. 2007-070; 2005-260; 2005-114; 2005-100; 2005-085; 2005-058; 2005-057; 2004-258; 2004-256; 2004-255; 2004-202; 2002-257; 2002-107. I and my predecessors have consistently opined that basic employment information, salaries and overtime compensation of public employees are subject to public inspection and copying. See,e.g., Op. Att'y Gen. 2008-050; 2006-141; 2005-051; 2003-298 and 2002-087. This office has further previously concluded that the names, races, dates of hire and job titles of public employees are subject to disclosure under the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos. 2005-100; 2004-255; 1995-012 and 91-351. The public interest in this type of information is substantial and any potential privacy interest does not outweigh it.
Dates of birth of public employees, however, are properly shielded from public inspection. See Op. Att'y Gen. 2008-046, 2007-278; 2007-070 and 2007-064. Home addresses of employees are also specifically exempted. A.C.A. § 25-19-105(b)(13) (Supp. 2007). With regard to the balance of the information requested, although the salaries of public employees are generally subject to inspection under the FOIA, my predecessors have previously stated that "records reflecting federal tax information and withholding are exempt from public inspection and copying." See Ops. Att'y Gen. 2005-194 and 2001-112. In this regard, the reporter has requested information on "wages filed on W2 forms." The City apparently intends *Page 5 
to respond, not by providing any such federal forms, however, but by supplying a report showing total wages. In my opinion this action is consistent with the FOIA. I assume further, although the reporter has requested "any other information contained in . . . payroll records," that the proposed reports will not include any personal financial information included in the city's payroll records, such as bank account numbers or direct deposit authorizations. See, e.g., Op. Att'y Gen.2005-194 (concluding that direct deposit authorization records are exempt from disclosure under A.C.A. § 25-19-105(b)(12)). With this assumption, in my opinion the custodian's decision is consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
DM:ECW/cyh *Page 1